UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LEE HILL,

            Petitioner,                          Case No. 1:07-cv-271

v.                                                Honorable Richard Alan Enslen

PEOPLE OF THE STATE OF MICHIGAN,

            Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed.

**Procedural History**

Petitioner was charged in the Muskegon County Circuit Court with multiple counts of installation of a device for observing, photographing, or eavesdropping in a private place, MICH. COMP. LAWS § 750.539d; multiple counts of arranging for, producing, making, or financing child sexually abusive material, MICH. COMP. LAWS § 750.145c(2); and multiple counts of using a computer to commit a crime, MICH. COMP. LAWS § 752.796. Petitioner currently is released on bond. According to Petitioner, the charges under MICH. COMP. LAWS § 750.145c(2) were based on alleged child pornography found on recordable compact discs (CDRs) that police seized from Petitioner's bedroom. The prosecutor's theory is that the act of downloading images from the internet onto CDRs was equivalent to manufacturing those images. Petitioner moved to quash the information, arguing that the greatest crime with which he could be charged was simple possession under MICH. COMP. LAWS § 145c(4). He further argues that his constitutional rights were violated when he was charged with manufacturing child pornography because no reasonable person would have been on notice that alleged possession of child pornography would be treated as manufacturing child pornography because of the method used to possess and store the images. The circuit court denied Petitioner's motion to quash.

Petitioner filed an application for leave to file an interlocutory appeal in the Michigan Court of Appeals. The court of appeals granted the application and stayed the proceedings in the circuit court. On January 24, 2006, the Michigan Court of Appeals issued a decision affirming the circuit court. *See People v. Hill*, 715 N.W.2d 301 (Mich. Ct. App. 2006). The court of appeals found that the circuit court correctly interpreted the statute and that the evidence presented at the preliminary examination supported the felony charges pursued by the prosecution under MICH.

COMP. LAWS § 750.145c(2). The court of appeals also held that MICH. COMP. LAWS § 750.145c(2) was not unconstitutionally vague. On October 27, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal, although Justice Markman dissented and Justices Cavanaugh and Kelly would have granted leave to appeal. *See People v. Hill*, 722 N.W.2d 665 (Mich. 2006). The supreme court subsequently denied Petitioner's motion for reconsideration on February 2, 2007. *See People v. Hill*, 726 N.W.2d 416 (Mich. 2006).

Petitioner now brings this habeas corpus action seeking a decision from this Court that the Michigan Court of Appeals' interpretation of MICH. COMP. LAWS § 750.145c(2) is unconstitutional as applied to Petitioner because it is void for vagueness.

## Discussion

Petitioner brings his petition pursuant to 28 U.S.C. § 2254. That section applies to a petitioner who is "in custody pursuant to the *judgment* of a State court." Because Petitioner has not yet been tried and no judgment had been entered against him, habeas relief under § 2254 is unavailable. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). A pre-trial petition may be brought pursuant to § 2241, which applies to persons in custody regardless of whether final judgment has been entered. *Id.* at 546. Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Id.* "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id.* Thus, the federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Id.* "The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available before a state trial and appeal of the

final judgment at every level of the state-court system." *Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *see also Frazier v. Michigan,* No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006). Petitioner's substantive challenge to the constitutionality of the state statute under which he has been charged may be resolved by a trial on the merits or on appeal and no extraordinary circumstances are alleged. Accordingly, federal habeas corpus relief to Petitioner is unavailable at this juncture under either § 2241 or § 2254.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  May 4, 2007                                                  /s/ Ellen S. Carmody
                                                                                ELLEN S. CARMODY
                                                                                United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).