UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LEE HILL,                                                        Case No.1:07-cv-271

       Petitioner,                                                           Hon. Richard Alan Enslen

v.

PEOPLE OF THE STATE
OF MICHIGAN,
                                                          **OPINION**

       Respondent.
_____/

       This matter is before the Court on Petitioner Brian Lee Hill's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of May 4, 2007 ("Report"), which recommends summarily dismissing Petitioner's habeas corpus petition. This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

       Petitioner seeks relief pursuant to 28 U.S.C. § 2254, claiming MICH. COMP. LAW § 750.145c(2) is unconstitutional as it applied to Petitioner because it is void for vagueness. Petitioner argues no reasonable person would have been on notice that the alleged possession of child pornography would be characterized as manufacturing child pornography simply because of the method used to store the images (compact recordable discs).[1]

---

[1] The prosecutor has argued that the act of downloading the images of child pornography onto the compact recordable discs is the same as manufacturing the images. Petitioner maintains the greatest crime for which he should be charged is simple possession pursuant to MICH. COMP. LAW § 750.145c(4).

The Court concurs with the Magistrate Judge that relief under 28 U.S.C. § 2254 is unavailable to Petitioner because he is not in "custody pursuant to the judgment of a State court."[2] Accordingly, the Court construes this pre-trial petition as one properly brought under § 2241 which applies to "persons regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Under § 2241, the courts are allowed to consider pretrial habeas petitions, but should abstain from the endeavor if the issues raised by the petition may be resolved either by a trial on the merits in state court or other available state procedures. *Id*. "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*.

Petitioner asserts the Magistrate Judge erred in finding that Petitioner had not fully exhausted his state remedies. Petitioner states he presented the issue of whether Michigan Complied Law § 750.145c(2) as interpreted and applied to Petitioner is void for vagueness to the trial court in a motion to quash, which was denied. Petitioner then appealed to the Michigan Court of Appeals which considered and rejected the void for vagueness argument. *See People v. Hill*, 715 N.W.2d 301 (2006). The Michigan Supreme Court twice denied leave to hear Petitioner's case by a four to three vote and Justice Markman authored a dissent. *See People v. Hill*, 722 N.W.2d 665 (2007); *People v. Hill*, 726 N.W.2d 416 (2007). Petitioner asserts because the constitutional claim has been exhausted, it is appropriate to consider the issue even though he has not yet been tried or convicted of the charge.

---

[2]The Court modifies the Report to the extent it appears to adjudicate Petitioner's claim under § 2254. This Court has construed Petitioner's claim pursuant to § 2241 because Petitioner has no rights currently under § 2254. Therefore, Petitioner retains the ability to seek relief pursuant to § 2254 at the appropriate time.

The Court, having reviewed the procedural posture and the Report, finds although Petitioner may have exhausted his *pretrial* remedies, his claim may still be resolved by a trial on the merits. *See Atkins*, 644 F.2d at 546. The Sixth Circuit Court of Appeals has found that a "federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted available state court remedies, [*Id*. at 546-47], seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). *Baur v. Granholm*, 2006 U.S. Dist. LEXIS 33520 (E.D. Mich. May 17, 2006). None of aforementioned exceptions fits the present case. Further, although the Michigan Court of Appeals granted review on the issue, the Michigan Supreme Court declined to grant such a review. This is significant as the Michigan Supreme Court has granted review to a substantially similar case and a decision in that case may well result in appellate relief if and when Petitioner is convicted of the charge. (*See* Mot. For Emergency Stay at 7 n.2., citing to *People v. Snow*, case no. 13353.) The fact remains that "the claimed violation may be remedied by [a] decision on the merits so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits." *Atkins*, 644 F.2d at 546. Indeed, Petitioner may be found not guilty on the charge. These factors militate against the allowance of premature habeas relief.

Moreover, unlike a violation of the Speedy Trial Act where the pretrial habeas relief sought is a trial date, here Petitioner seeks to have this Court dismiss a criminal charge against him. In *Atkins*, the Sixth Circuit noted that "an attempt to dismiss an indictment or otherwise prevent a prosecution protects the defendant from prejudice and is normally not attainable by way of pretrial

habeas corpus . . ." *Id*. at 547, citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Although Petitioner argues the relief sought is not a dismissal because he can be charged under a different statute, such an argument is without merit. It is clear that if the petition is granted, the direct result will be the dismissal of a criminal charge. The Court further finds there are no exceptional circumstances in this case which warrant granting relief. Accordingly, the Court finds that this petition is denied.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner.[3] *See Greene v. Tenn. Dep't of Corr*., 265 F.3d 369, 370 (6th Cir. 2001); *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

---

[3]The Court notes there is some question as to whether a certificate of appealability need be issued when relief is sought under § 2241. *See Greene v. Tenn. Dep't of Corr*., 265 F.3d 369, 370 (6th Cir. 2001) (holding "when it is clear that the detention [of petitioner] results from a State court conviction, the habeas petition arises from the genesis of custody – the State conviction" and therefore pursuant to § 2253(c)(1)(A) the prisoner must secure a certificate of appealability.); *contra Melton v. Hemingway*, 40 Fed. App. 44 (6th Cir. 2002) (unpublished) (holding that federal prisoner seeking relief under § 2241 is not required to secure a certificate of appealability). However, Petitioner has not been convicted in state court, nor is he a federal prisoner. In light of the prevalence of the practice and the unsettled nature of the issue, the Court will address the need for the certificate of appealability.

Upon review, this Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to the issue asserted. Accordingly, a certificate of appealability will be denied.

Therefore, for the reasons stated in the Report and this Opinion, the Court will deny Petitioner's Objections, adopting and modifying the Report and Recommendation, and deny Petitioner's Petition for Writ of Habeas Corpus. The Court will further deny a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
July 2, 2007        Richard Alan Enslen
      Senior United States District Judge